NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| KNIGHTS FRANCHISE SYSTEMS, INC., a Delaware Corporation, successor by merger to Villager Franchise Systems, Inc., | Hon. Harold A. Ackerman |
| Plaintiff, | Civil Action No. 06-0043 (HAA) |
| v. | **OPINION AND ORDER** |
| WALDEMAR RUCINSKI, an individual, | |
| Defendant. | |

Dennis R. LaFiura, Esq.
Michael F. Cicero, Esq.
DAY PITNEY, LLP
P.O. Box 1945
Morristown, NJ 07962-1945
*Attorneys for Plaintiff*

Vijayant Pawar, Esq.
35 Airport Road, Suite 330
Morristown, NJ 07960
*Attorney for Defendant*

**ACKERMAN, Senior District Judge:**

  This matter comes before the Court on Plaintiff Knights Franchise Systems, Inc.'s ("KFS") counsel's request for attorneys' fees and costs. In a June 27, 2007 Opinion and Order, this Court granted Plaintiff's motion for summary judgment against Defendant Waldemar Rucinski on the Second and Fourth Counts of KFS's Complaint. The Court also granted in part Plaintiff's motion as to damages. This Court ordered Plaintiff's counsel to submit descriptive time entries from its billing records for this Court's *in camera* review in relation to Plaintiff's

claim for reasonable attorneys' fees and costs and allowed Defendants the opportunity to respond to Plaintiff's costs and fees submissions.

*Analysis*

**I.     Attorneys' Fees**

In determining the reasonableness of a fee request, the Third Circuit has adopted the "lodestar" method, by which the Court multiplies the number of hours reasonably expended by counsel by a reasonable hourly rate. *See, e.g., Washington v. Philadelphia Cty. Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996). The party seeking attorney fees bears the burden to prove the reasonableness of the fee request. *Rode v. Dellarsciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The Court may not make a finding of reasonableness based on a generalized sense of appropriateness, but must rely on the record. *Evans v. Port Auth. of N.Y. and N.J.*, 273 F.3d 346, 361 (3d Cir. 2001) (quoting *Smith v. City of Philadelphia Housing Auth.*, 107 F.3d 223, 225 (3d Cir. 1997)).

Day Pitney, LLP, (hereinafter "Day Pitney) representing KFS, has submitted documents supporting its application for attorneys' fees and costs.[1] Even though Defendants have not objected to the requests, the Court has carefully reviewed all of Plaintiff's submissions. The Third Circuit has admonished district courts that "fee requests [must] be subjected to a thorough and searching analysis" with a line-by-line examination of the request to ensure that time expended by counsel was reasonable and not duplicative or excessive. *Evans*, 273 F.3d at 362.

---

[1] Plaintiff was originally represented by the law firm Pitney Hardin LLP, but effective January 1, 2007, that firm merged with another to form Day Pitney, LLP. This Opinion & Order will refer to the firm by its new name.

KFS retained Day Pitney to represent it in this action. Dennis R. LaFiura, Esq. of Day Pitney submitted a request for $12,327.02 in attorney's fees based upon a reasonable hourly rate ranging from $115-$125 per hour for legal assistant work to $250-$275 per hour for associate work to $450-475 per hour for partner work. In addition, Mr. LaFiura submitted a request for $1,079.35 in costs, which includes filing fees, reproduction expenses, telephone charges, service of process fees, postage and courier expenses. Defendants have not objected to Mr. LaFiura's request. The Court has carefully reviewed the itemized fees submitted by Mr. LaFiura and concludes that they are reasonable. Therefore, this Court will order Defendants to pay Day Pitney, LLP $12,327.02 in attorneys' fees and $1,079.35 in costs for the representation of Plaintiff KFS.

## II.    Prejudgment Interest

In accordance with this Court's June 27, 2007 Opinion and Order, KFS is entitled to recurring fees in the principal amount of $28,554.53 that accrued prior to the termination of the License Agreement. KFS is also entitled to prejudgment interest on the recurring fees. That interest has a contractual rate of interest of 18%, which ultimately amounts to $53,095.97 through the date of this Court's June 27, 2007 Opinion and Order.

In addition, KFS is entitled to liquidated damages in the principal amount of $69,000.00. KFS is also entitled to prejudgment interest on the liquidated damages based upon the contractual rate of 18%, which ultimately results in $127,276.26 through the date of this Court's June 27, 2007 Opinion and Order.

*Conclusion & Order*

For the reasons stated above, it is hereby ORDERED AND ADJUDGED, pursuant to this Court's June 27, 2007 Opinion and Order, that Defendants pay Plaintiff reasonable attorney's fees and costs in the total amount of $13,406.37.  It is hereby further ORDERED AND ADJUDGED that Defendants pay $53,095.97 in recurring fees and prejudgment interest; and $127,276.26 in liquidated damages and prejudgment interest.   Judgment is hereby entered in the total amount of $193,778.60.  The Clerk shall mark this case CLOSED.


Newark, New Jersey
Dated: November 27, 2007                                         /s/ Harold A. Ackerman
                                                                 U.S.D.J.